UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON RESCH,

              Plaintiff,                          Case No. 14-13432
                                                    HON. TERRENCE G. BERG
      v.                                    HON. ANTHONY P. PATTI

BAYDOUN, et al.,

              Defendants.

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
(DKT. 45) AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (DKT. 41.)**

      This is a prisoner civil rights action brought by a Michigan state prisoner

pursuant to 42 U.S.C. § 1983 in which he alleges violations of his Fourth, Eighth,

and Fourteenth Amendment rights. Plaintiff Brandon Resch, currently in the

custody of the Michigan Department of Corrections, claims that he was assaulted on

two separate occasions by several Wayne County deputies while a pretrial detainee

at the Wayne County jail in Detroit, Michigan.  The alleged assaults occurred on

June 27, 2013 and July 30, 2013.[1]  Plaintiff has sued Wayne County, the Wayne

County Sheriff, and several corrections officers.

---

[1] The Report and Recommendation gives three different dates for the second alleged assault – on page 1, the date of the second incident is given as July 27, 2013, but is subsequently given as either July 30, 2013 or July 31, 2013. (*See* Dkt. 45, pp. 1, 2, 10, 12, 13, 14, 17.) According to Plaintiff's Recipient Rights Complaint form and his deposition, the second incident occurred on July 30, 2013. (*See* Dkt. 43-2; Dkt. 41-5, pp. 22, 27.) Because the date of the second incident is not determinative with respect to the outcome of this decision, and because the facts should be viewed in the light most favorable to the non-moving party when deciding a motion for summary judgment, the Court will assume for purposes of this opinion that the second incident occurred on July 30, 2013, the date Plaintiff consistently asserts.

In response to the June 27, 2013 incident, Plaintiff completed a "Recipient Rights Complaint Form" and placed it in the lockbox near the inmates' cells on or about June 30, 2013 for processing. (*See* Dkt. 43, p. 2.)  After the July 30, 2013 incident, Plaintiff filed a second Recipient Rights Complaint Form and placed it in the designated box on or about August 4, 2013. (*See* Dkt. 43-3.) Plaintiff alleges that he also filed an additional complaint, which was not written on either a Recipient Rights Complaint Form or a "grievance form"[2], pertaining to the July 30, 2013 assault.  Plaintiff says he gave this complaint directly to jail personnel, but there is no copy of this document in the record before the Court.

The issue before the Court is whether Plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (the "PLRA").  As to the first complaint regarding the alleged assault on June 27, 2013, Magistrate Judge Anthony P. Patti determined that Plaintiff did not exhaust his administrative remedies and granted Defendants' motion for summary judgment.  Magistrate Judge Patti dismissed without prejudice the claims against Defendants Moore, Boros, Jones, Galloway, Hargrove, Rogers,

---

[2] A "grievance form" is distinct from a Recipient Rights Complaint Form. A grievance form is used by prisoners wishing to alert prison officials at the Wayne County Sheriff's Office to a potential problem in their jails. The Wayne County Grievance Policy, which all inmates are given when they arrive, states that an inmate can request a grievance form from any staff member, or write his or her grievance on a piece of paper, and must file the grievance within 10 days of the incident to initiate the grievance process with the Wayne County Sheriff's Office. (*See* Dkt. 42-2.) Grievances can be submitted to any jail staff member. (*See id.*) A Recipient Rights Complaint Form, by contrast, is an official form used and processed by the Office of Recipient Rights, part of the Detroit-Wayne County Community Mental Health Agency, and it is clearly labeled as such. (Dkt. 47, p. 2.) The Wayne County Sheriff's Office, according to its Director for Internal Compliance, "is not provided with Recipients Rights Complaint Forms" because these forms "are handled by a social worker in the jail and forwarded to the Office of Recipient Rights." (Dkt. 42-6, ¶ 7.) In short, these two forms serve different purposes and are forwarded to, and processed by, different agencies. There is no evidence or argument that either agency, should it receive a complaint on an incorrect form, has a duty to alert the other agency that such a form has been received.

2

Kozlowski, and Dixon. Plaintiff timely objected to this determination, and Defendants timely responded.

As to the second claim regarding the alleged assault on July 30, 2013, Magistrate Judge Patti determined that Plaintiff did exhaust his administrative remedies as required by the PLRA and denied Defendants' motion for summary judgment. Because neither party objected to this determination, a determination favorable to Plaintiff, the Court will not disturb it.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1), E.D. Mich. L.R. 72.1(d). "A Judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not perform a *de novo* review of the Report's findings if there are no objections. *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas v. Arn*, 474 U.S. 140, 149-52)).

Upon conducting a *de novo* review of the portions of the magistrate judge's Report and Recommendation to which Plaintiff objected, the Court agrees with Magistrate Judge Patti that filing a Recipient Rights Complaint Form alone in order to notify the Wayne County Sheriff's Office of an alleged assault by corrections officers was insufficient to exhaust all administrative remedies as

3

required by the PLRA. As a result, the Court will **OVERRULE** Plaintiff's objections and **ADOPT** Magistrate Judge Patti's Report and Recommendation. Defendants' Motion for Summary Judgement will be **GRANTED IN PART** and **DENIED IN PART**.

## I.

On September 9, 2014, Plaintiff filed this *pro se* lawsuit under 42 U.S.C. § 1983 claiming that his constitutional rights were violated when he was assaulted by Wayne County jail personnel. (*See* Dkt. 1.) On February 16, 2015, Attorney Michael R. Dezsi entered an appearance for Plaintiff and Plaintiff filed his First Amended Complaint on March 25, 2015, adding new parties. (*See* Dkts. 23, 26, 29.) According to the First Amended Complaint, Plaintiff suffered two incidents involving the excessive use of force by Defendants. (*See* Dkt. 29.)  The first incident allegedly occurred on June 27, 2013 and the second on July 30, 2013. (Dkt. 29, p. 4.)  Whether the Defendants actually used excessive force is not currently before the Court. Rather, the Court must determine whether Plaintiff exhausted his administrative remedies before proceeding to federal court.

## 1.

During June and July 2013, Plaintiff was an inmate at the Wayne County Jail in Detroit, Michigan. (Dkt. 29, ¶ 22.)  On June 27, 2013, while housed in the "annex" of the Wayne County Jail, he was asked to gather his belongings by the "shift command" and to exit his cell.[3] (*Id.* at ¶ 23, 24.)  According to Plaintiff, while

---

[3] It is unclear why Plaintiff was initially asked to exit his cell that day. On his Recipient Rights Complaint Form, Plaintiff states that, after returning from court, he asked the officers to use a

he was complying with this order and exiting the cell in the annex of the Wayne County Jail, he was attacked and assaulted. The attack occurred while he was walking to the elevator, and the officers involved were Defendants Moore, Boros, Jones, Galloway, Hargrove, Rogers, Kozlowski, and Dixon. (*Id.* at ¶ 24, 25.) Due to the assault, Plaintiff had a psychological breakdown requiring him to seek medical treatment. (*Id.* at ¶ 29.) Plaintiff filed a Recipient Rights Complaint Form dated June 30, 2013 regarding this incident, but did nothing more. (*See* Dkt. 41-4, p. 4.)

On July 30, 2013, Plaintiff alleges that he was assaulted while in the mental health ward of the Wayne County Jail by Defendants Cross, Masai, Hall, and Baydoun. (Dkt. 29, ¶ 30, 31.) Plaintiff asserts that officers came into his cell, woke him up, and told him to leave the cell. (Dkt. 41-5, p. 22.) When Plaintiff asked for, and received, permission from one of the officers to get water, Plaintiff stated that another officer became extremely aggressive, grabbing Plaintiff's shirt and demanding that Plaintiff leave the cell. (*Id.*) Plaintiff alleges that when a sergeant approached the cell to determine what was causing the commotion, the sergeant began punching him in the cheek for no apparent reason. (*Id.* at 23.) Then, Plaintiff alleges that two other officers began to punch him as well, and he lost

---

phone that worked because the phone on his floor was broken. (*See* Dkt. 41-4, p. 4.) When he was denied, Plaintiff slammed the catwalk door in frustration. (*See id.*) Within 10 minutes, Plaintiff alleges that the officers arrived at his cell, escorted him to the elevator while cuffed and once there, after being insulted by an officer and retaliating verbally, Plaintiff was assaulted. (*See id.*) Plaintiff states in his deposition, however, that he asked shift command to come to his cell because he was concerned about the presence of black mold in his cell and also possibly about the broken phone. (*See id.* at 17-18.) During Plaintiff's deposition, Defense Counsel suggested that rather than ask for shift command to come to his cell, Plaintiff called attention to himself by screaming obscenities and shaking the bars of his cell, which Plaintiff vehemently denies. (*See* Dkt. 41-5, p. 18.) Whatever the reason, Plaintiff maintains that shift command came to his cell on June 27, 2013, told Plaintiff to pack his things, and assaulted him minutes later while escorting him to the elevator with his hands cuffed. (*See id.*)

consciousness. (*Id.* at 24, 25.) After he woke up in a holding cell, Plaintiff was returned to his cell, but claims he never received medical treatment, nor was it offered and he refused. (*Id.* at 26.)

In response to this second incident, Plaintiff filed a Recipient Rights Complaint Form dated August 4, 2013. (Dkt. 41-4, p. 5.) In addition, Plaintiff claims that he submitted a second complaint, on what date it is unknown, complaining about the July 30, 2013 incident, using neither a grievance form nor a Recipient Rights Complaint Form, directly to a jail staff member. (*See* Dkt. 41-5, p. 21.)

## 2.

Defendants moved for summary judgment on all of Plaintiff's claims on November 5, 2015. (Dkt. 41.) Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001). "It is well established that statements appearing in a party's brief are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

The Court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). There is no genuine dispute where one party's version of the facts is blatantly contradicted by objective evidence in the record. *See Scott v. Harris*, 550 U.S. 372, 378-81 (2007).

### 3.

In their motion for summary judgment, Defendants do not dispute the merits of Plaintiff's allegations but instead argue that Plaintiff's claims must be dismissed because he failed to exhaust administrative remedies as required by the PLRA. (*See*

Mot. Summ. J. at 8-13.)  Defendants assert that the Wayne County Sheriff's Office has an established grievance process for prisoner complaints, but Plaintiff did not properly initiate, pursue, or exhaust this process before filing his claims in federal court. (*Id.* at 9.)

The purpose of the PLRA is to ensure that claims with merit are given due consideration by the appropriate authorities and thus the courts are not inundated with frivolous claims. *See Jones v. Bock*, 549 U.S. 199, 203 (2007). Accordingly, the PLRA requires that before a state prisoner can sue the state under federal law, the state must be given an opportunity to remedy a potential problem. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted."). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo*, 286 F.3d at 1023.

 "A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA . . . . [I]nmates are not required to specially plead or demonstrate exhaustion in their complaints.'  Instead, the failure to exhaust 'must be established by the defendants.' " *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (citations omitted). In order to properly exhaust administrative remedies, a prisoner must use "all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."

8

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002) (emphasis in original)).

3.

The magistrate judge found that Plaintiff had exhausted his administrative remedies with respect to his complaint about the July 30, 2013 incident, but not with respect to his complaint about the incident on June 27, 2013. When inmates first arrive at a Wayne County jail, they are given as part of their orientation a copy of a handbook of inmate rules and regulations. (Dkt. 41-2, p. 5.) Inmate orientation includes a verbal explanation of Defendants' grievance process, and all inmates must read and sign a grievance process form acknowledging that they understand the policy for filing grievances. (*Id.* at 5, 9-11.)

Defendants' grievance procedure requires inmates to write their grievance on either a grievance form *or* "writing paper" and file it within ten days from the date of occurrence. (*Id.* at 11-12.) A copy of a sample grievance form is included in the policy handbook, and is clearly labeled as an inmate grievance form for the Wayne County Sheriff's Office. (*Id.* at 11.) The grievance form or complaint on "writing paper" may be submitted directly to the Social Investigator, a command officer, or any staff member, including the Director of Jails and/or the Sheriff. (*Id.* at 24.) The form or complaint may also be mailed to the address given in the handbook. (*Id.* at 10.) Once it is submitted, supervisory staff must respond in writing to the inmate's grievance within 10 days. (*Id.* at 7.) The written response can be appealed. (*Id.* at 18-19.)

The problem for Plaintiff is that, instead of a grievance form, he complained about the alleged June 27, 2013 assault by completing a Recipient Rights Complaint Form and, by his own admission, doing nothing more. (Dkt. 41-4, p. 20.) Even though Plaintiff filed a Recipient Rights Complaint Form, as the magistrate judge notes, "[t]his District has held that the use of a Recipients Rights Complaint alone is not sufficient to provide notice to the Wayne County Sheriff's Grievance Administrator." (*Id.* at 11 (citing *Washington v. Burks*, No. 04-cv-10352, 2008 WL 8694601, at *5 (E.D. Mich. Dec. 17, 2008) *report and recommendation adopted*, No. 04-cv-10352, 2011 WL 5375189 (E.D. Mich. Nov. 4, 2011).) In short, sending a Recipient Rights Complaint Form to the Recipient Rights Office is not sufficient to provide notice of a civil rights or jail conditions grievance to the Wayne County Sheriff's Office.

Because Plaintiff testified that he did not file any additional forms concerning the incident on June 27, 2013, the magistrate judge concluded that Plaintiff did not exhaust his administrative remedies with respect to that incident by "merely filing a Recipient Rights Complaint form". (Dkt. 45, pp. 11-12.) Plaintiff also apparently failed to inquire about the status of his complaint when he did not receive any response. Accordingly, the magistrate judge recommends dismissing without prejudice Plaintiff's claims against Defendants Officer Moore, Sergeant Boros, Ronald Jones, Robert Galloway, Deon Hargrove, Officer Rogers, Philip Kozlowski, and Linton Dixon. (*Id.* at 1.)

By contrast, with respect to the July 30, 2013 assault, Plaintiff completed a Recipient Rights Complaint Form *and* he alleges that he also completed a second grievance, neither on a grievance form nor a Recipient Rights Complaint Form, which he gave directly to a jail staff member. (Dkt. 41-5, p. 21.) Plaintiff did not receive a response, and "[i]t is well established that 'administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.'" *Risher*, 639 F.3d at 240 (quoting *Boyd v. Corr. Corp. of Am.,* 380 F.3d 989, 996 (6th Cir. 2004)). On the record before the Court, whether Plaintiff truly did file a second grievance that comported with Defendants' grievance policy is a question for a jury to resolve. Accordingly, the magistrate judge found that a genuine issue of material fact exists regarding whether Plaintiff did initiate and exhaust his administrative remedies with respect to the July 30, 2013 incident. (Dkt. 45, pp. 14-15.)

Plaintiff objects to the magistrate judge's finding that Plaintiff did not exhaust all administrative remedies with respect to the June 27, 2013 incident. (Dkt. 46, pp. 2-7.) Plaintiff argues that the magistrate judge erroneously applied a subjective standard to the exhaustion analysis by considering whether Plaintiff knew the difference between a grievance form and a Recipient Rights Complaint Form and completed the wrong one regardless. (*Id.* at 3.) Plaintiff also argues that the magistrate judge erroneously disregarded Wayne County Director of Internal Compliance Charles Pappas's testimony that the County processes grievances on "mediums other than the official [grievance] form." [4] (*Id.* at 5.) In short, Plaintiff

---

[4] Plaintiff attached to his response brief, and relies on in his objection, an excerpt of a transcript of testimony given by Charles Pappas, former Director of Internal Compliance with the Wayne County

maintains that, contrary to the magistrate judge's conclusions, submitting the Recipient Rights Complaint Form alone satisfies the Wayne County Sheriff's Office procedural requirements for initiating and exhausting its grievance procedure.

In response to Plaintiff's objection, Defendants emphasize that they are not arguing that a grievance can only be filed on a grievance form or that a grievance cannot be filed on a blank piece of paper. (Dkt. 47, p. 2.) Rather, Defendants assert that Plaintiff used a form designated for another agency to complain about the June 27, 2013 incident and, as a result, the appropriate person at the Wayne County Sheriff's Office never received notice of the complaint. (*Id.*) Since the purpose of Defendants' grievance procedure is to provide notice to the grievance administrator of a potential problem in a Wayne County jail, and the form filed by Plaintiff with respect to the June 27, 2013 incident was routed to another agency entirely, the appropriate official did not receive notice of Plaintiff's complaint and could take no action concerning it.  Therefore, as to the Wayne County Sheriff's grievance procedure, Plaintiff did not properly initiate, let alone exhaust, his administrative remedies. (*Id.* at 3.)

## II.

---

Sheriff's Office, at an evidentiary hearing in another case, *Weathington v. County of Wayne et al.,* case no. 12-13573 (E.D. Mich. Dec. 3, 2014). (Dkt. 43-4.) At that hearing, Pappas gave testimony regarding the grievance procedure at issue in this case but was not asked whether inmates can file Recipient Rights Complaint Forms in lieu of grievance forms. (*See id.* at pp. 2-8.) Defendants rely on a sworn affidavit by Pappas attached to their motion for summary judgment. (Dkt. 41-6.) In that affidavit, Pappas explains that Recipient Rights Complaint Forms are the responsibility of a social worker who forwards them to the Office of Recipient Rights. (*Id.* at ¶ 7.)

The Court will overrule Plaintiff's objection. In his exhaustion analysis pertaining to the June 27, 2013 incident, the magistrate judge found that filing the Recipient Rights Complaint Form alone was insufficient to exhaust administrative remedies. (Dkt. 45, p. 11-12.) Plaintiff admits that he only filed one Recipient Rights Complaint Form for the June 27, 2013 incident and did not testify that he followed up in any way when he did not receive a response. (Dkt. 41-5, pp. 20-21.) The grievance policy applicable in this case allows inmates to submit their grievances either on an "Inmate Grievance Form" or "on a plain sheet of paper." (Dkt. 41-2 at 19.) Since Plaintiff did not file his grievance on a grievance form or on a plain sheet of paper, he did not exhaust the administrative remedies because he never properly initiated the grievance procedure in the first instance.

Defendants' grievance procedure requires that an incident be recorded on a grievance form or a plain sheet of paper. (Dkt. 41-2, pp. 18-19.) A grievance form, however, is not the same thing as a Recipient Rights Complaint Form.  A grievance form is sent to the Wayne County Sheriff's Office for processing.  A  Recipient Rights Complaint Form is sent to and processed by the Office of Recipient Rights, part of the Detroit-Wayne County Community Mental Health Agency. (*See* Dkts. 41-2, 47.) Plaintiff does not dispute that he understands the difference between these two forms (*See* Dkt. 41-5, pp. 20-21), but he argues that, since the Wayne County Director of Internal Compliance testified in another case that the County will process grievances on "mediums other than the official [grievance] form," the

Recipient Rights Complaint Form is sufficient to give prison officials notice of a potential problem in their jails. (Dkt. 46, p. 2.)

Plaintiff argues that the magistrate judge incorrectly weighed form over substance in determining that the County did not receive notice. (Dkt. 46, p. 5.) With regard to exhausting administrative remedies, however, form matters. To exhaust administrative remedies, a prisoner must *properly* complete "all steps that the agency holds out" *Woodford*, 548 U.S. at 90. Defendants' grievance policy explicitly states that the complaint must be written on either a grievance form *or* a plain sheet of paper. (Dkt. 41-2, p. 34.) Plaintiff relies on testimony by Pappas given in another case that a grievance will not be rejected because it is written on a piece of paper or even a napkin, and inmates may submit their grievances in designated boxes or to jail staff directly. (Dkt. 43-4, p. 8.)

That testimony, however, does not address whether a Recipient Rights Complaint Form is also an acceptable way to submit a grievance. (*See* Dkt. 43-4.) Instead, in his sworn affidavit attached to Defendants' motion for summary judgment, Pappas explains that Recipient Rights Complaint Forms are not submitted to the Wayne County Sheriff's Office but are instead the responsibility of a social worker at the jail who forwards them to the Office of Recipient Rights. (Dkt. 41-6 at ¶ 7.)

Plaintiff did submit a complaint in the designated box within 10 days of the alleged June 27, 2013 incident – Defendants' grievance policy, however, does not allow for inmates to use a Recipient Rights Complaint Form. "[A] Recipient Rights

14

Complaint Form is processed by Wayne County's Community Mental Health Department and involves a completely independent process from the grievance procedures in the Wayne County Jail and would not provide notice to the Wayne County Sheriff's Grievance Administrator." *Burks*, 2008 WL 8694601, at *5.

Ignoring form in favor of "substance" in this case would allow Plaintiff to circumvent the procedure set forth by the Wayne County Sheriff's Office to address certain inmate grievances, defeating the purpose of the PLRA. Moreover, the "substance" used by Plaintiff in this case involves a process that routes the Recipient Rights Complaint Form to another agency, and deprives the Sheriff's Department of its opportunity to address the complaint. Inmates cannot simply file a grievance meant for the Wayne County Sheriff's Office on *any* form they wish because some forms, unlike a blank piece of paper or a napkin, are sent to, and specifically designated for processing by, other agencies. Using such a form will never give notice to the appropriate individuals.

Simply put, by submitting the incorrect form, Plaintiff's civil rights complaint was sent to the incorrect agency, and the grievance administrator for the Wayne County Sheriff's Office had no notice of Plaintiff's allegations. Plaintiff did not testify that he inquired about his grievance when he did not receive a response or otherwise pursued the matter further with jail staff. Without providing proper notice, Plaintiff did not initiate, pursue, or exhaust the grievance procedure with respect to the June 27, 2013 incident.

15

Furthermore, contrary to Plaintiff's assertions that the magistrate judge erroneously based his determination on a subjective exhaustion analysis, the magistrate judge objectively determined that Plaintiff did not exhaust his remedies. The magistrate judge examined the requirements for filing a grievance under Defendants' grievance procedures and found, objectively, that there was no dispute that Plaintiff had not filed the correct form to initiate the process. (Dkt. 45, pp. 11-12.)

The magistrate judge did consider Plaintiff's awareness of the difference between the two forms in the context of both claims. (*Id.* at 12-15.) According to the magistrate judge, the fact that Plaintiff could distinguish between the two forms was detrimental to Plaintiff's argument with respect to the June 27, 2013 incident but *favorable* to Plaintiff with respect to the July 30, 2013 incident. (*See id.*) Moreover, the magistrate judge considered Plaintiff's knowledge of the two forms only to afford Plaintiff the benefit of the doubt by analyzing whether, despite having filed the wrong form, Plaintiff made any other efforts that would be sufficient to constitute exhaustion. (*See id.*) As required in this circuit, a court must analyze *all* efforts to exhaust and determine whether those "efforts to exhaust were sufficient under the circumstances." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 224 (6th Cir. 2011) ("Our Court has consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances.")

The Sixth Circuit's decision in *Risher v. Lappin*, 639 F.3d 236 (6th Cir. 2011), is instructive here. In *Risher*, when the plaintiff did not receive a response to his

16

complaint, he nonetheless properly treated the administration's failure to respond as a denial. *Id.* at 240 (citing 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").  He proceeded to the next step of the grievance procedure and appealed the denial. *Id.* The *Risher* Court determined that although he did not receive a response to his complaint, he did not try to circumvent the administrative grievance process, and his efforts were sufficient to constitute exhaustion. *Id.*

By contrast, Plaintiff in this case only filed a Recipient Rights Complaint Form with respect to the June 27, 2013 incident and did not testify that he proceeded any further when he did not receive a response. As this Circuit has clarified, an inmate must make "affirmative efforts to comply with the administrative procedures". *Risher*, 639 F.3d at 240. Accordingly, the magistrate judge correctly concluded that Plaintiff's efforts, or lack thereof, were insufficient to constitute exhaustion in the context of the June 27, 2013 incident because Plaintiff did nothing further to comply with the grievance process beyond filing the incorrect form for submitting a grievance. (Dkt. 41-5, 18-19). The fact that Plaintiff claims he made an additional effort to notify the Wayne County Sheriff's Office about the July 30, 2013 incident weighed in Plaintiff's favor with respect to that claim. (Dkt. 45, pp. 12-15.) The magistrate judge's analysis was not erroneous, and did not hinge solely on whether Plaintiff understood the difference between a grievance form and a Recipient Rights Complaint Form.

17

Finally, while it is correct that the filing a Recipient Rights Complaint Form alone is not sufficient to give notice to the Wayne County Sheriff's Office of a civil rights or jail conditions grievance, it is also true, as Magistrate Judge Patti pointed out, that the grievance process on display in this case could stand improvement. (Dkt. 45, pp. 16-17.) Some inmates, especially those who may suffer from mental disabilities or illnesses, will be unable to appreciate the fact that certain complaint forms placed in the designated box for grievances will be sent to one office, while other complaint forms will be sent to a different office. The Court joins the Magistrate Judge in encouraging Defendants to clarify in its grievance procedures that a Recipient Rights Complaint Form will not be sent to the County Jail's grievance administrator, and therefore will not initiate the process of administrative exhaustion, and to create a mechanism or protocol for forwarding Recipient Rights Complaint Forms that contain obvious civil rights or jail conditions complaints to the appropriate jail official.

## IV.

The Court has conducted a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff objected. For the reasons given, the Court **OVERRULES** Plaintiff's objections (Dkt. 46) and **ADOPTS** the Report and Recommendation. (Dkt. 45.)

Accordingly, Defendants' Motion for Summary Judgment (Dkt. 41) is **GRANTED IN PART** and **DENIED IN PART**.

18

The Court **GRANTS** Defendants' Motion for Summary Judgment with respect to the alleged assault on June 27, 2013 and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants Officer Moore, Sergeant Boros, Ronald Jones, Robert Galloway, Deon Hargrove, Officer Rogers, Philip Kozlowski, and Linton Dixon.

The Court **DENIES** Defendant's Motion for Summary Judgment (Dkt. 41) with respect to Plaintiff's claim regarding an alleged assault on July 30, 2013.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  July 26, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 26, 2016, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb
Case Manager